# CADWALADER

Cadwalader, Wickersham & Taft LLP
One World Financial Center, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

New York  London  Charlotte  Washington
Houston  Beijing  Hong Kong  Brussels

May 2, 2014

**VIA ELECTRONIC FILING AND FACSIMILE (212-805-7986)**

The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, NY 10007

Re: *Lederman v. Benepe, et al.*, Case No. 12 Civ. 6028 (PGG) (DCF)

Dear Judge Gardephe:

      We represent Defendants Sarah Henry and the Museum of the City of New York, Inc. (the "MCNY" and, together with Dr. Henry, the "MCNY Defendants") *pro bono* in the above-referenced action.  Pursuant to the Court's Individual Practices, we write to respectfully request a pre-motion conference in connection with the MCNY Defendants' contemplated renewal of their Fed. R. Civ. P. 12 motion to dismiss the amended complaint (the "Amended Complaint") for failure to state a claim and for insufficient service of process.[1]  Plaintiff does not consent to such a motion, and seeks a further extension of time to effect service.  Defendants Adrian Benepe and the City of New York (the "City" and, together with Mr. Benepe, the "City Defendants") do not oppose the MCNY Defendants' contemplated motion.

A. **Background**

      As discussed in the MCNY Defendants' Initial Rule 12 Motion, which the Court, as discussed in greater detail below, could not consider in its entirety given Plaintiff's repeated failure to effect service and denied without prejudice, this action involves one of Plaintiff's 44 allegedly false arrests for trespass and disorderly conduct at a panel discussion held at the MCNY on August 9, 2011 (the "Panel Event").  Plaintiff filed suit almost one year later,

---

[1] The MCNY Defendants respectfully reserve all rights with regard to the grounds warranting dismissal of the Amended Complaint, including but not limited to their right to assert such other and further arguments in support of, or additional grounds for, relief pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12") as may be appropriate, even if not set forth herein or in the MCNY Defendants' initial motion to dismiss the Amended Complaint (the "Initial Rule 12 Motion") (Dkt. # 24; Dkt. # 30).

CADWALADER

The Honorable Paul G. Gardephe
May 2, 2014

asserting claims against the City Defendants and the MCNY Defendants under 42 U.S.C. § 1983 ("Section 1983") for violation of his federal constitutional rights (collectively, the "Section 1983 Claims"), as well as a state law claim for false arrest against Dr. Henry (the "State Law Claim") and a "cause of action" for *respondeat superior* liability as against the MCNY. However, as the Court concluded in its Order, Plaintiff never effected service of the initial complaint on the MCNY Defendants.

Following the parties' conference before the Court on May 2, 2013, Plaintiff was granted leave to amend the initial complaint, with the express understanding that Plaintiff would not be entitled to further amend its pleading and that any dismissal following the Court's consideration of the City Defendants' and MCNY Defendants' Rule 12 motions would be granted with prejudice. *See* Hr'g Tr. at 3:2-20 (5/2/13) (Dkt. # 12). As the Court noted in its Order, Plaintiff failed to effect service of the Amended Complaint on the MCNY Defendants.

Accordingly, on June 13, 2013, the MCNY Defendants moved to dismiss the Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6) and for failure to effect service pursuant to Rule 12(b)(5). With regard to the motion pursuant to Rule 12(b)(6), the MCNY Defendants sought dismissal including because the Amended Complaint fails to allege facts sufficient to demonstrate that the MCNY Defendants acted under color of state law, that Plaintiff was deprived of any federal constitutional right, and that Plaintiff had been falsely arrested. All papers relating to that Initial Rule 12 Motion were filed on July 22, 2013. (Dkt. # 24; Dkt. # 30.) The City Defendants at that time also filed a motion to dismiss the Amended Complaint for failure to state a claim. (Dkt. # 19; Dkt. # 20.)

On March 28, 2014, the Court issued its Order granting the City Defendants' motion to dismiss the Amended Complaint in part, but permitting Plaintiff's First Amendment claim to proceed as against the City Defendants.[2] With regard to the MCNY Defendants' Initial Rule 12 Motion, the Court, as noted above, concluded that Plaintiff had not effected service of either the initial complaint or the Amended Complaint on the MCNY Defendants and granted Plaintiff an additional 30 days from the date of its Order within which to effect service (*i.e.*, by April 28, 2014). The Court also found that, given Plaintiff's failure to effect service on the MCNY Defendants, it lacked jurisdiction to consider the MCNY Defendants' motion pursuant to Rule 12(b)(6). Accordingly, the Court denied the MCNY Defendants' Initial Rule 12

---

[2] The City Defendants have since filed a motion for reconsideration, which was fully briefed on April 28, 2014.

CADWALADER

The Honorable Paul G. Gardephe
May 2, 2014

Motion without prejudice to renewal, including pursuant to Rule 12(b)(5) in the event that Plaintiff failed to effect service within the additional time permitted to do so.

**B.     The MCNY Defendants' Contemplated Motion to Dismiss the Amended Complaint**

Plaintiff, to our knowledge and without waiver of or prejudice to any of the MCNY Defendants' rights, has not effected service on Dr. Henry. Nor has an affidavit of service been filed as required by Rule 4(l) attesting to any purported service on Dr. Henry or the MCNY. While we understand that the MCNY recently received correspondence from the Secretary of State indicating that it was served with process on April 14, 2014, the assertions in Plaintiff's letter to the Court dated May 1, 2014 (the "May 1 Letter") regarding purported service on Dr. Henry are inaccurate at best. For instance, Dr. Henry did not "evade[] service" and neither "substituted service on Dr. Henry's spouse" nor "nail and mail" was effected with regard to Dr. Henry.[3]

---

[3] Indeed, we are unaware of any (much less "several") attempts to serve Dr. Henry within the 30-day time period permitted by the Court, other than perhaps one instance on April 15, 2014 where an individual arrived at the MCNY with a package for Dr. Henry but, after being informed by the receptionist that Dr. Henry was not available consulted with someone on his cell phone and elected to leave the building with the package. Further, to the extent that the May 1 Letter suggests that a copy of service of process was personally left with Dr. Henry's husband, we understand that a phone call was made to Dr. Henry's home on April 29, 2014 to confirm Dr. Henry's address and to inquire as to whether the building had a doorman (the caller having spoken with Dr. Henry's husband) and that a copy of the summons and Amended Complaint was subsequently slid into the doorjamb of Dr. Henry's apartment front door. In any event, even if the latter were to be deemed an attempt at service by "nail and mail," that mode of service is authorized only in circumstances where personal service or "leave and mail" service cannot be accomplished with due diligence (and hence would be inapplicable here). *See, e.g., Sartor v. Toussaint*, 70 Fed. Appx. 11, 13 (2d Cir. 2002) (noting that due diligence requirements "should be strictly observed"); NY CPLR 308(4); *Miske v. Maher*, 549 N.Y.S.2d 279, 280 (N.Y.A.D. 4th Dept. 1989) (nail and mail service improper where server "had several opportunities to serve a person of suitable age and discretion at defendant's offices, and failed to do so").

CADWALADER

The Honorable Paul G. Gardephe
May 2, 2014

Moreover, the May 1 Letter on its face indicates that the failure to serve Dr. Henry as ordered by the Court was a result of Plaintiff's neglect and lack of diligence. *See, e.g.*, May 1 Letter at 1 (indicating that, among other things, counsel "believed that" service could be effected on April 28, 2014 consistent with the Order, instructed the process server to "do the 'nail and mail'" on that day, and failed to consult with the process server to confirm whether such an attempt was made until after the Court-ordered deadline). Accordingly, the Court need not grant Plaintiff's request for further extensions within which to effect service. *See De La Rosa v. New York City 33 Precinct*, 2010 WL 4965482, at *5 (S.D.N.Y. Nov. 23, 2010) (court dismissed complaint as to individual defendant on its own motion because "granting *another* extension to afford plaintiff additional time to effect service on [defendant] would be an improvident exercise of discretion" and plaintiff failed to effect service within period established in Court's prior order). Indeed, courts have held that an extension of time to effect service is not necessary where, as here, the failure to serve process is a result of the plaintiff's neglect. *See Harper v. City of New York*, 2010 WL 4788016, at *6-10 (E.D.N.Y. 2010) (dismissing case as to multiple defendants without extending time to serve where, among other things, one defendant's need for extension "result[ed] entirely from counsel's neglect"). The MCNY Defendants therefore oppose any further extension of time within which to effect service and seek to renew their motion to dismiss the Amended Complaint as to Dr. Henry pursuant to Rule 12(b)(5).[4]

In addition, the MCNY Defendants seek dismissal of the Amended Complaint pursuant to Rule 12(b)(6) as to both the MCNY and Dr. Henry, including for the reasons described in their Initial Rule 12 Motion.

Respectfully submitted,

Lambrina Mathews

cc: Jason M. Halper, Esq.
    Julie Milner, Esq.
    Anthony M. DiSenso

---

[4] While Plaintiff's counsel also asserts in its May 1 Letter that the statute of limitations "has long passed on all claims," Plaintiff has failed to cite any authority to substantiate this claim or to otherwise provide any basis for such an assertion.